686 P.2d 1291

**STATE of Arizona, Appellee,**

v.

**Mark Daniel FREY, Appellant.**

**No. 1 CA–CR 6996.**

Court of Appeals of Arizona, Division 1, Department B.

June 5, 1984.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Asst. Atty. Gen. and Gary A. Fadell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GREER, Judge.

The issue in this case is whether a trial judge can deny a defendant a jury trial, when the defendant has been charged with a class 6 felony, by stating an intention, before trial, to designate the offense a misdemeanor if the defendant is convicted at trial. We hold that the trial judge cannot do so, and therefore reverse defendant's conviction.

Defendant was charged with criminal damage, a class 6 felony. The legislature has determined that the maximum punishment for a class 6 felony conviction is incarceration for 1.87 years and a $150,000 fine. A.R.S. § 13–701 et seq.; § 13–801. The criminal damage charged was a violation of A.R.S. § 13–1604(B)(3), which states:

B. Aggravated criminal damage is punishable as follows:

. . . . .

3. Aggravated criminal damage is a class 6 felony if the person intentionally or recklessly damages property of another in an amount of one hundred dollars

or more but less than one thousand five hundred dollars.

Before trial, the trial judge stated:

> The matter is set for trial. A trial to a jury has been requested. I have reviewed the file in this matter, as well as the transcript of the preliminary hearing. It has been my determination that if the defendant should be convicted in this matter, in no event would I designate it a felony. I would designate it a misdemeanor. I have advised counsel of this and, therefore, we will proceed without a jury on the matter.

Defense counsel objected to the trial judge's ruling, and the prosecutor acquiesced in the ruling. The trial judge then stated:

> We will proceed without a jury because it has been my determination that if there is a conviction, the matter will be a misdemeanor. It will not be open-end. It will not be a felony.

At the trial before the court, the evidence revealed that the defendant had damaged the victim's car in the amount of $433.50. At the end of the trial, the judge found defendant guilty of criminal damage, a class 1 misdemeanor. The judge suspended sentence, placed defendant on one year summary probation, and ordered him to pay a $583.50 fine, $433.50 of which was restitution, and $150.00 of which was reimbursement to the county.

On appeal, the defendant argues that he was denied his right to a jury trial, which is guaranteed when an accused is charged with a serious offense. Article II, § 23, Arizona Constitution; *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966). The Arizona Supreme Court has held that an offense for which the punishment could exceed six months' incarceration is a serious offense for which a defendant is entitled to a trial by jury. *Spitz v. Municipal Court,* 127 Ariz. 405, 621 P.2d 911 (1980).

The state contends that *State v. Moreno,* 134 Ariz. 199, 655 P.2d 23 (App.1982), authorizes a trial judge to decide before trial whether the crime will be designated a felony or a misdemeanor upon conviction.

The defendant is not entitled to a jury trial, argues the state, if the judge indicates that he will order a misdemeanor designation.

*State v. Moreno* is not controlling on this issue. In that case, the trial judge informed the defendant charged with a class 6 felony that, if he were to be convicted, the judge would designate the crime a misdemeanor within the petty offense range, and denied defendant a jury trial. In the middle of the trial to the court, the parties entered a plea agreement, wherein defendant pled guilty. On appeal, defendant argued a denial of his right to a jury trial. The majority held that the defendant had voluntarily entered the plea agreement and that the defendant failed to preserve the issue of the right to jury trial because the defendant did not object to the trial court's pre-trial ruling. Additionally, defendant waived the non-jurisdictional defense on appeal by entering the plea agreement. Acknowledging that the jury trial issue was thus not before the court, the majority nevertheless stated, in dicta:

> ... We find nothing in the provisions of A.R.S. § 13–702(G) which would preclude a trial judge from determining and announcing prior to trial, as was done in this case, that if the defendant were to be convicted the court would designate the matter a misdemeanor subject to stated misdemeanor sentencing limitations.

134 Ariz. at 201, 655 P.2d 23.

■ Section 13–702(G) is now § 13–702(H). That section, entitled "Sentencing," provides:

> Notwithstanding any other provision of this title, *if a person is convicted of any class 6 felony* not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and

make disposition accordingly ... When a crime or public offense is punishable in the discretion of the court, by a sentence as a class 6 felony or a class 1 misdemeanor, the offense shall be deemed a misdemeanor *if the prosecuting attorney:*

1. Files an information in superior court designating the offense as a misdemeanor;

2. Files a complaint in justice court or magistrate court designating the offense as a misdemeanor within the jurisdiction of the respective court; or

3. Files a complaint, with the consent of the defendant, before or during the preliminary hearing amending the complaint to charge a misdemeanor.

(Emphasis added). Although the statute's bare language implies that the statute refers to a judge's sentencing options "if a person is *convicted,*" the syntax of the sentences compels a different interpretation: Because a judge cannot "enter judgment of conviction for a class 1 misdemeanor" after a person has been "convicted of a class 6 felony," we read the statute to mean that if a person *has been found guilty* of a class 6 felony (either by jury verdict or finding of the court), and if the circumstances are appropriate, then the judge may enter judgment of conviction for a class 1 misdemeanor. In any event, the judge's discretion to enter judgment "and make disposition accordingly" does not arise until *after* guilt has been determined. Most importantly, the statute authorizes the *prosecutor* alone to charge a misdemeanor, and only in cases when the court has discretion to sentence an offense as a class 6 felony or a class 1 misdemeanor. The clear implication of the statute is that the judge has no discretion to charge a misdemeanor. Only the prosecutor can do so.

■ The prosecutor has broad discretion in determining what charges, if any, are to be filed. *State v. Murphy,* 113 Ariz. 416, 555 P.2d 1110 (1976); A.R.S. § 11–532. The courts have no power to interfere with the discretion of the prosecutor unless he is acting illegally or in excess of his powers. *Id.* In this case the prosecutor chose to charge defendant with a class 6 felony. There is no evidence or contention that the prosecutor acted illegally or in excess of his powers.

■ It is within the sole power of the legislature to determine what acts constitute crime and to prescribe punishment for those acts. *State v. McClarity,* 27 Ariz. App. 571, 557 P.2d 170 (1976). The Arizona Legislature has determined that a person commits aggravated criminal damage, a class 6 felony, by "intentionally or recklessly damag[ing] property of another in an amount of one hundred dollars or more but less than one thousand five hundred dollars." A.R.S. § 13–1604(B)(3). The evidence in this case revealed that defendant caused $433.50 of damage, which clearly falls within the class 6 felony range.

■ It is the possible maximum penalty authorized by the legislature for the crime charged by the prosecutor, which triggers the right to a jury trial. *See, Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Spitz v. Municipal Court,* 127 Ariz. 405, 621 P.2d 911 (1980).[1] The possible sentence, as outlined by the legislature, is a sensible measure of the seriousness of a crime. It is an objective moral judgment by a state's citizens which will be applied uniformly to all defendants. We stated, in *City of Phoenix v. Jones,* 25 Ariz.App. 98, 541 P.2d 424 (1975):

**1.** This standard differs from the standard for determining the right to counsel. The right to counsel is determined by the sentence which the judge actually imposes. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). *Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980) (focus is on term of imprisonment actually imposed) is inapposite

to this case. There the trial judge did not reduce defendant's charge before trial. Defendant was charged with several petty offenses, none of which alone required a jury trial. Since the trial judge had discretion to order concurrent or consecutive sentences, the focus was on the term actually imposed in determining defendant's right to a jury.

[I]t is apparent that 'the moral quality of the act' is to be considered in determining whether the crime charged falls within the definition of 'petty' offenses triable without a jury. *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966). We have some difficulty in the area of assessing the 'moral quality' of the act, feeling that moral judgments are best left in the hands of the legislature to mark the degree of decadency of the act by the penalty it imposes for its transgression. As was stated in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970):

> " 'In deciding whether an offense is "petty", we have sought objective criteria reflecting the seriousness with which society regards the offense [citations omitted] and we have found the most relevant such criteria in the severity of the maximum authorized penalty.' 399 U.S. at 68, 69, 90 S.Ct. at 1888."

25 Ariz.App. at 100, 541 P.2d at 426.

The United States Supreme Court stated one purpose for affording the right to jury trial as follows:

> The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered ... The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action ... If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it.

*Duncan v. Louisiana*, 391 U.S. at 155–156, 88 S.Ct. at 1451. This purpose is defeated if a judge is permitted to decide, before trial, to deprive a defendant of a jury trial by reducing the charge to a petty offense. In this case, the prosecutor charged defendant with aggravated criminal damage, which the legislature designated a class 6 felony. The offense carries a possible maximum sentence of 1.87 years and a fine up to $150,000. This is a serious offense for which defendant was entitled to a jury trial. A trial judge cannot usurp the prosecutorial function by reducing the charge before trial and thereby deprive a defendant of this fundamental constitutional right.

For the foregoing reasons, the defendant's conviction is reversed and the cause is remanded for retrial consistent with this opinion.

MEYERSON, P.J., and FROEB, J., concur.