716 P.2d 1052

The STATE of Arizona, Appellee,

v.

Christopher Gene KELLY, Appellant.

No. 2 CA–CR 4020.

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 16, 1986.
Review Denied April 1, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Robert J. Sweeney, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

The defendant, Christopher Gene Kelly, was convicted by a jury of criminal tres-

pass, a class 6 felony, aggravated assault, a class 3 felony, and robbery, a class 4 felony. He was sentenced to concurrent terms ranging from 1.5 years to 7.5 years' imprisonment and was ordered to make restitution to the victim in the amount of $3,700.

The record discloses the following facts. During the day on November 25, 1984, defendant made plans with the victim's daughter to run away to Nogales together. The victim's daughter, however, had a change of heart and telephoned the defendant and told both the defendant and his mother that she no longer wished to leave with him. For whatever reason, the defendant still went to meet with the victim's daughter. He entered around midnight through a bathroom window. He went to the daughter's bedroom and began to talk with her about leaving. While they were talking, the bathroom window left open by defendant, slammed shut. The victim's daughter went to her parents' bedroom to see if the noise had awakened them. Apparently, they had not heard it, however, her inquiry awakened them.

The victim went to his daughter's room. He was met by the defendant, who pointed a rifle at him and fired a shot towards the floor. The victim physically disarmed the defendant, pushed him to the floor, and held the defendant in a headlock. The defendant then took a knife out of his pants pocket and repeatedly stabbed the victim in the back until the victim let him go. The defendant then grabbed the victim's car keys and escaped.

On appeal the defendant raises two issues: (1) Count IV of the indictment charging him with aggravated assault was duplicitous, and (2) the trial court erred in not giving defendant's requested jury instruction regarding self-defense.

## DUPLICITOUS INDICTMENT

■ Defendant contends that Count IV of the indictment was duplicitous. It provides:

"On or about the 26th day of November, 1984, CHRISTOPHER GENE KEL-LY assaulted LELAND G. PETERSON, with a deadly weapon or a dangerous instrument, to-wit: a rifle and/or caused serious physical injury, in violation of A.R.S. § 13–1204(A)(1) (2) and (B)...."

The state argues that unanimity is not required as to the precise manner of committing a crime. *State v. Counterman*, 8 Ariz.App. 526, 448 P.2d 96 (1968). In support the state points out that there is no duplicity in charging both premeditated and felony murder alternatively in one count. *State v. Gerlaugh*, 134 Ariz. 164, 654 P.2d 800 (1982). The nature of the crime of first-degree murder explains why it is proper to charge both premeditated and felony murder alternatively in one count. If a person is charged with first-degree murder which can be committed by either of the two ways outlined above, the result is the same in each case: a dead person. It is irrelevant to the result whether the person committed it with premeditation or it occurred during the commission of a felony. In the case sub judice, however, the defendant was charged with committing aggravated assault in two ways: first, by pointing a rifle at the victim and second, by causing physical injury to the victim with a knife. There are two results and thus there are two separate instances of committing the same crime of aggravated assault.

The law in Arizona is clear that each separate offense must be charged in a separate count. *State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982); Rule 13.3(a), Rules of Criminal Procedure, 17 A.R.S. An indictment which does not comply with Rule 13.3 by charging separate crimes in the same count is duplicitous. Duplicitous indictments are prohibited because they present a hazard of a non-unanimous jury verdict and because they make a precise pleading of prior jeopardy impossible in the event of later prosecution. *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *Spencer v. Coconino County Superior Court, Division 3*, 136 Ariz. 608, 667 P.2d 1323 (1983); *State v. O'Brien*, 123 Ariz. 578, 601 P.2d 341 (App.1979).

We hold that the indictment in this case is duplicitous. Furthermore, we note that a curative instruction could have been given at the time of trial which informed the jurors that they could only return a verdict of guilty on Count IV if they unanimously found beyond a reasonable doubt that the defendant pointed a gun at the victim, or if they unanimously found that the defendant caused serious physical injury, or if they unanimously found that both were true. This would have prevented any error.

■ The defendant argues that a duplicitous indictment is fundamental and reversible error. Not every error is grounds for reversal. To constitute reversible error, the defendant must have been prejudiced by it when considered in conjunction with all the evidence in the case. In this case, since the whole incident was recorded on tape and since the defendant, the victim, and two witnesses all agree that the defendant did point a rifle at the victim and did cause serious physical harm to the victim with a knife, it is hard to see any prejudice. In view of what we consider overwhelming evidence, we conclude that the error was not prejudicial and defendant was not deprived of a fair trial.

■ In any event, failure to object to duplicity either prior to or during trial, constitutes a waiver of that objection. *Witt v. United States,* 196 F.2d 285, 286, (9th Cir.), *cert. denied,* 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed.2d 644 (1952). Since defendant did not make a timely objection, he has waived it.

## SELF–DEFENSE INSTRUCTION

■ The defendant next contends that the trial court erred when it refused to instruct the jury on self-defense. The Arizona Supreme Court was faced with this issue in a case remarkably similar to the case at bar. In *State v. Noriega,* 142 Ariz. 474, 690 P.2d 775 (1984), the defendant was convicted of assaulting with a gun a man who chased her, after he saw her burglarizing a home. She too claimed that instructions on self-defense had been erroneously refused. The court held that it was harm-

less error to fail to give defendant's requested self-defense instruction in view of the jury's verdict that appellant was guilty of the burglary charge.

The court stated:

"Arizona law does not require instructions on self-defense if the accused is at fault in provoking the confrontation. A.R.S. § 13–404(B)(3). Because the jury found appellant guilty of burglary, it would appear that appellant was at fault in provoking the altercation." 142 Ariz. at 482, 690 P.2d at 683.

Similarly, the defendant in this case was convicted of the crime of trespass, which shows he provoked the altercation and cannot now claim self-defense.

The defendant also contends that he was entitled to a self-defense instruction because there is some evidence to support his claim that he withdrew from the encounter pursuant to A.R.S. § 13–404(B)3(a). The defendant argues that because he dropped his rifle five seconds prior to the point in time when the victim grabbed him, pushed him to the floor, and held him in a headlock, he had effectively withdrawn from the confrontation. During trial, the defendant testified: "So when she started screaming, I started hearing somebody running up the thing and I just dropped the gun. I just dropped it. I didn't know why, I just dropped it." The defendant's own testimony then does not suggest that he was consciously withdrawing from the confrontation or that he had communicated his intent to the victim. The defendant himself was unaware of why he dropped the gun.

Furthermore, according to *Noriega,* the victim had the legal authority to arrest the defendant since he was a trespasser in his home. In *Noriega* the court found that, although the victim "did not announce his intention to detain appellant until the police arrived this is not necessary for a citizen's arrest, where, as here, the accused is pursued immediately after commission of the crime and forcibly resist before such a warning is possible." 142 Ariz. at 482, 690

P.2d at 683. It was not error to refuse the defendant's requested self-defense instruction.

Finally, the defendant contends that the jury's failure to consider whether he acted in self-defense in the aggravated assault incident tainted their deliberations on the armed robbery charge. This argument is without merit and defies logic. The defendant was not entitled to a self-defense instruction on the aggravated assault charge and its possible "side effects" on the jury deliberations regarding the charge of armed robbery are irrelevant.

Affirmed.

FERNANDEZ and HATHAWAY, JJ., concur.