944 P.2d 1248

**In re ISAAC G.**

**No. 1 CA–JV 96–0207.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 18, 1997.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee State.

James D. Devaney, Mesa, for Appellant Juvenile.

## OPINION

GERBER, Presiding Judge.

Juvenile Isaac G. (Isaac) was found delinquent of criminal trespass in the second degree. He argues on appeal that the juvenile court improperly amended his original delinquency petition to the trespass charge when, to his mind, it should instead have dismissed the petition. We conclude that the juvenile court properly amended the petition.

## PROCEDURAL AND FACTUAL HISTORY

The State filed an amended delinquency petition in the juvenile court alleging that Isaac committed attempted theft. Along with this petition the State filed a motion to transfer the matter to adult court.

At a two-phase "transfer hearing," although the juvenile court found insufficient probable cause for the theft charge, it did find sufficient probable cause for trespass in the second degree. Neither the State nor the court formally amended the petition. In the second phase of the same hearing, the court declined to transfer the matter to adult court.

At the adjudication hearing a month later, another juvenile judge denied the juvenile's motion to dismiss and held that the prior judge had amended the original petition.

The juvenile court then adjudicated him delinquent on the trespass charge.

Isaac now argues that the juvenile court improperly amended the delinquency petition. This court has jurisdiction pursuant to Arizona Revised Statues Annotated (A.R.S.) section 8–236 (1989).

## DISCUSSION

Isaac claims that, pursuant to Rule 14(b) of the Arizona Rules of Procedure for the Juvenile Court (A.R.P.J.), the juvenile court must dismiss the entire petition rather than amend it to trespass. The State concurs. We disagree.

■ We read the A.R.P.J. as if they constitute a single rule. *Cf. State v. Treadway,* 88 Ariz. 420, 421, 357 P.2d 157, 158 (1960) (the criminal rules must be read in a unified manner). Four rules apply. Rule 4(b) of the A.R.P.J. explicitly states: "A petition may be amended *by order of the court at any time on its own motion* or in response to the motion of any interested party before an adjudication; provided the parties are notified and granted sufficient time to meet the new allegations." (Emphasis added). Rule 12(a) permits amendment before a transfer decision. Rule 14(a) states that the transfer hearing consists of two phases, the probable cause determination and the transfer determination. Rule 14(b), which governs the probable cause phase, reads: "If the court finds that probable cause does not exist, the court shall dismiss the matter." Although this rule does not address whether a court can amend the original petition, that power is implied in Rule 14(g)'s prohibition of amendment "after transfer" is ordered.

■ Read together, Rules 4(b), 12(a), 14(b), and 14(g) indicate that, in the absence of probable cause on the charged offense, the court must dismiss the original charge or amend it if probable cause exists for an amended charge and that, if the court elects to amend, it must do so before it orders a transfer to adult court.

This reading comports with Rule 14(b), which expressly requires the probable cause phase of the transfer hearing to comply with Rules 5.3 and 5.4(c) of the Arizona Rules of Criminal Procedure (A.R.C.P). Rules 5.3 and 5.4(c) do not address whether a court can amend a petition. Adult courts are precluded from making such amendments by Rule 5.4(b) A.R.C.P., a rule not incorporated by Juvenile Rule 14(b).

■ This omission appears purposeful. Reading Juvenile Rule 14(b) to include Criminal Procedure Rule 5.4(b) creates a conflict with Juvenile Rule 4(b). Juvenile Rule 14(b) does not require compliance with Rule 5.4(b) of the A.R.C.P., leading to the conclusion that, unlike the adult court, the juvenile court *does* have the authority to amend a juvenile petition as is explicitly announced in Rules 4(b) and 12(a).

The one procedurally similar case agrees with this conclusion. In *Appeal in Maricopa County Juvenile Action No. J–75755,* 111 Ariz. 103, 523 P.2d 1304 (1974) the Supreme Court held that, pursuant to Rule 4(b), the juvenile court may amend the original petition if the amended charge is a lesser included offense or the terms of the charging document describe the amended offense. There, the juvenile court found insufficient evidence for a burglary charge but sufficient evidence for trespass. Based on the sufficiency of the evidence, the Supreme Court ruled that the juvenile court properly amended the petition to trespass. The Court also ruled that the juvenile court did not give the parties enough time to respond to the amended charge and remanded only for this reason.

■ Unlike *J–75755,* the parties here had adequate time to prepare for the new charge: the court amended the petition on July 15 and on August 14 the parties met for the first adjudication hearing. The month interval was sufficient time to respond to the trespass charge.

■ Isaac also argues that the court did not issue a formal order amending the petition as seems required under Rule 4(b). However, the court's July 15 minute entry states: "[T]he Court does find probable cause to believe the juvenile committed the offense of Criminal Trespass in the Second Degree." The minute entry constitutes the order required under Rule 4(b). *See J–*

*75755,* 111 Ariz. at 106, 523 P.2d at 1307 (relying on the lower court's statements made after an evidentiary hearing, the Court ruled that the lower court had in effect amended the petition).

Finally, Isaac argues that allowing the juvenile court to amend the petition interferes with the prosecutor's charging discretion. In support of his argument, he cites *State v. Frey,* 141 Ariz. 321, 686 P.2d 1291 (App. 1984), and *In Re Appeal in Maricopa County Juvenile Action No. JV–122733,* 172 Ariz. 542, 838 P.2d 1303 (1992). These cases are inapt.

*Frey* held that, before trial, the adult court cannot reduce or promise to reduce a felony charge to a misdemeanor conditioned upon the defendant's waiver of a jury trial. 141 Ariz. at 322, 686 P.2d at 1292. *Frey* held that such an inducement interferes with the prosecutor's charging discretion because, under the sentencing statue, only the prosecutor can classify the charged offense as a misdemeanor. However, no such statute prevents the juvenile court from amending an existing juvenile petition. A.R.S. section 8–233(a) states only that the prosecutor shall "file" the petition. The statute does not address amendment. A juvenile court's amendment does not interfere with the prosecutor's authority to file petitions in the first instance.

The second inapposite case, *JV–122733,* held that a juvenile court erred in segregating and thereby bifurcating the charges it transferred to adult court. 172 Ariz. at 545, 838 P.2d 1306. Unlike *JV–122733,* the court here did not make any improper transfer; it simply denied transfer in the first place.

■ We conclude that allowing the juvenile court to amend a petition does not "usurp the exclusive authority of the executive branch," *id.,* because the ability to amend a petition does not interfere with the State's power to initiate the petition in the first instance.

■ Furthermore, juvenile courts do not have unlimited ability to amend petitions. A court can amend such a petition only in three situations: (1) when the amended charge constitutes a lesser included offense of the original charge; (2) when the charging document sufficiently describes the amended charge; or (3) when the evidence supports an amended charge. *See J–75755,* 111 Ariz. at 105–06, 523 P.2d at 1306–07. None of these situations violate the separation of powers because the prosecutor has initiated the petition which the court merely amends to conform to the evidence. *Cf. State v. Jones,* 142 Ariz. 302, 305, 689 P.2d 561, 564 (App.1984) ("[W]hen the decision to prosecute has been made, the process which leads to acquittal or sentencing is fundamentally judicial in nature . . . .").

■ In the present case, the charging document alleged attempted theft of an automobile, a charge leading on these facts to an inference of criminal trespass in the second degree. *See* A.R.S. § 13–1503. The evidence produced supported the amended trespass charge. *See J–75755,* 111 Ariz. at 106, 523 P.2d 1304 ("Under the circumstances of the case brought out by the testimony presented in court this was the proper response on the part of the juvenile court."). The *J–75755* court did not recognize a separation of power issue, nor will we. *Cf. State v. McShine,* 131 Ariz. 485, 487, 642 P.2d 482, 484 (App.1982) (this court is obligated to follow the Supreme Court).

## CONCLUSION

For the above reasons, we conclude that the amended trespass charge was proper under Juvenile Rules 4(b), 12(a), 14(b), and 14(g), and that dismissal of the entire petition was unwarranted. We accordingly affirm the juvenile court's order to this effect.

TOCI and SULT, JJ., concur.