NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CODY JAMES WILKINS, *Appellant.*

No. 1 CA-CR 21-0311
FILED 1-11-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201901290
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1        Cody James Wilkins appeals his conviction and sentence for one count of organized retail theft.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        One morning in October 2019, a couple shopping at a mall in Prescott observed Wilkins and two women quickly grabbing items from shelves at a Victoria's Secret store and putting them in a bag.  They reported their observations to a store employee and mall security.  The couple left the mall and went to a nearby strip mall.  There, they observed Wilkins and the two women park and exit a red pickup truck.  The couple called the police and alerted nearby stores.

¶3        That same morning, a Dillard's employee at the mall observed two women and two men, Wilkins and Robert Soper, acting suspiciously.  Wilkins was wearing a brown designer backpack that he had not purchased and was subsequently determined to be Dillard's merchandise.  Later, police found the brown backpack and two perfume bottles in the pickup.  One of the women had a pink designer backpack when she was apprehended.  The backpacks were missing from Dillard's inventory and the perfume bottles were missing from Dillard's perfume counter.

¶4        After being notified about the suspected shoplifters, the manager of ULTA watched the store's surveillance video footage and observed Soper and the two women.  The women each took an ULTA shopping bag.  All three wore backpacks.  Soper brought something to the women and then left the store.  Shortly thereafter, one of the women put a perfume bottle in her bra and the other put a perfume bottle in her pants and they left the store.  The manager later identified two recovered perfume bottles and three cologne bottles as ULTA merchandise.

¶5        A cashier at Dick's Sporting Goods was also warned about the four individuals.  When they entered the store, she started watching them, and observed all of them checking merchandise for security sensors.  The

2

cashier saw Wilkins enter the area of the store where knives and memory cards were displayed, but the area was not in her line of sight and she did not see him remove anything from the area. The cashier unlocked two fitting rooms for the four, and when they left she checked the rooms and found clothing, tags, and a security sensor. Police observed one of the women carrying the brown designer backpack when she left the store. The cashier later identified clothing, a knife, and a memory card found in the pickup as Dick's Sporting Goods merchandise.

¶6        A police officer responding to the strip mall saw the red pickup parked near Dick's Sporting Goods. When the pickup started moving, he followed it. He activated his lights but the pickup, driven by Wilkins, did not pull over. The pickup stopped to let one of the women out but took off again. Another officer was able to stop the pickup and police arrested Wilkins and the two women. They took Soper into custody several days later. The pickup was "chock-full" of items including clothing, hangers, cosmetics, lingerie, shoes, and backpacks.

¶7        A grand jury indicted Wilkins on one count of organized retail theft, a class 4 felony. After a jury trial, Wilkins was convicted as charged. The superior court sentenced Wilkins to 5.5 years in prison. Wilkins timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, -4033(A).

## DISCUSSION

I.        Rule 20 Motion

¶8        Wilkins argues his conviction should be vacated because the superior court erred by denying his Rule 20 motion. *See* Ariz. R. Crim. P. 20(a)(1) ("After the close of evidence on either side, and on motion or on its own, the court must enter a judgment of acquittal on any offense charged in an indictment, information, or complaint if there is no substantial evidence to support a conviction."). According to Wilkins, the organized retail theft charge failed because there was no evidence that he or the people he was with "used an artifice, instrument, container, device or other article to remove merchandise from any of the stores." *See* A.R.S. § 13-1819(A)(2) ("A person commits organized retail theft if the person acting alone or in conjunction with another person . . . [u]ses an artifice, instrument, container, device or other article to facilitate the removal of merchandise from a retail establishment without paying the purchase price.").

¶9        We review the denial of a Rule 20 motion de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Substantial evidence is "proof that

'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *Id.* at ¶ 16 (citation omitted). "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997). We view the facts in the light most favorable to sustaining the verdict, and resolve all conflicts in the evidence against the defendant. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013); *State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012). "[I]n reviewing the sufficiency of the evidence, we do not distinguish circumstantial from direct evidence." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11 (App. 2013).

¶10        Here, substantial evidence supports the jury's verdict. The State provided testimony that Wilkins and his accomplices used bags and backpacks to remove store merchandise without paying for it. Wilkins and his female accomplices placed Victoria's Secret merchandise into a store bag to facilitate its removal from the store. Wilkins and the women, joined by Soper, then went to Dillard's where Wilkins was observed wearing a stolen backpack and acting suspiciously. An additional designer backpack and two perfume bottles were missing from Dillard's and recovered by police.

¶11        Wilkins and his accomplices then went to a strip mall where the women were observed on video surveillance at ULTA wearing backpacks, carrying store bags, and putting perfume bottles into their clothing before leaving the store. The four then went into Dick's Sporting Goods wearing backpacks, where all four were observed checking merchandise for sensors. The four also went into dressing rooms and left without buying anything. Dick's Sporting Goods merchandise was found in the pickup and one of the backpacks. When the group was finished at the strip mall, Wilkins drove the pickup full of stolen merchandise with the two women as passengers and was detained before getting away. Viewing the evidence in the light most favorable to sustaining the verdict, a rational trier of fact could find that Wilkins acted in conjunction with the two women and Soper to commit organized retail theft.

¶12        Wilkins argues that police found none of the merchandise in a container and found no store bags in the truck. As noted above, however, some of the merchandise was found in the brown designer backpack. Section 13-1819(A)(2) required the State to prove that "an artifice, instrument, container, device or other article" was used to facilitate the removal of the merchandise. Moreover, the State was not required to prove that the merchandise was still located in the container used to facilitate the theft.

¶13 Because substantial evidence reasonably supported a conclusion that Wilkins committed organized retail theft, the superior court properly denied Wilkins' Rule 20 motion.

II. Duplicitous Charge & Unanimous Verdict

¶14 Wilkins next argues his right to a unanimous verdict was violated because the charge against him was duplicitous and the superior court failed to provide interrogatories on the verdict form to ensure the verdict was unanimous.

¶15 "[A] duplicitous indictment charges two or more separate offenses within a single count." *State v. Paredes-Solano*, 223 Ariz. 284, 288, ¶ 9 (App. 2009). "[A] duplicitous charge creates the danger that the jury will not return a unanimous verdict . . . ." *State v. Davis*, 206 Ariz. 377, 390, ¶ 65 (2003). Objections to an indictment must be raised at least twenty days before trial, and the failure to timely object forfeits the objection absent fundamental error. *Paredes-Solano*, 223 Ariz. at 287, ¶ 7 (noting that pretrial objections to an indictment are required "in order to allow correction of any alleged defects before trial begins," and that a timely objection could result in "a new indictment charging multiple counts, thus exposing a defendant to multiple penalties") (citation omitted); Ariz. R. Crim. P. 13.5(d), 16.1(b). Article 2, Section 23 of the Arizona Constitution guarantees criminal defendants the right to a unanimous verdict in a criminal case, and a violation of that right constitutes fundamental error. *Davis*, 206 Ariz. at 390, ¶ 64.

¶16 Because Wilkins did not object to the indictment or the verdict form in the superior court, he has the burden of establishing that fundamental, prejudicial error occurred. *Id.* at ¶ 62*; State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 142, ¶ 21.

¶17 Here, the indictment charged Wilkins with one count of organized retail theft, alleging that on or about October 17, 2019, Wilkins:

> acting alone or in conjunction with another person, did use an artifice, instrument, container, device or other article to facilitate the removal of merchandise from Dick's Sporting Goods, Dillard's, ULTA, and/or Victoria's Secret, a retail establishment, without paying the purchase price, in violation

of A.R.S. § 13-1801, 13-1819(A)(2), 13-701, 13-702, and 13-801, a class 4 Felony.

¶18 "When the indictment is merely duplicitous . . . the trial court may cure the error by instructing the jurors that they must unanimously agree regarding which offense was committed or that the defendant committed both (or all) of the offenses." *State v. Petrak*, 198 Ariz. 260, 268, ¶ 28 (App. 2000). *See also State v. Kelly*, 149 Ariz. 115, 117 (App. 1986) (Error resulting from a duplicitous indictment could be cured with an instruction informing jurors they must unanimously find beyond a reasonable doubt which (or both) of two acts the defendant committed).

¶19 In its final jury instructions, the superior court instructed the jurors on multiple acts:

> The defendant is accused of having committed the crime of Organized Retail Theft. The prosecution has introduced evidence for the purpose of showing that there is more than one act upon which a conviction on Organized Retail Theft may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of the acts. However, in order to return a verdict of guilty, all jurors must agree that he committed the same act or acts. It is not necessary that the particular act agreed upon be stated in your verdict.

The court further instructed the jurors:

> All eight of you must agree on each verdict. You must be unanimous. Once all eight agree on a verdict, only the Foreperson need sign the verdict form on the line marked "Foreperson."

The jury's verdict form, signed by the foreperson, indicates the jury found Wilkins guilty of organized retail theft committed on October 17, 2019, and that the verdict was unanimous.

¶20 We will presume the jury followed the court's instructions. *State v. Prince*, 226 Ariz. 516, 537, ¶ 80 (2011). Nothing in the record indicates the jurors were confused or failed to follow the court's instruction that they must unanimously agree upon which act or acts Wilkins committed. Wilkins has therefore failed to establish that fundamental, prejudicial error occurred.

III.    Jury Instruction for Lesser Included Offense of Shoplifting

**¶21**    Finally, Wilkins argues his due process rights were violated because the superior court did not *sua sponte* instruct the jury on the lesser included offense of shoplifting. *See State v. Cope*, 241 Ariz. 323, 325, ¶ 6 (App. 2016) (shoplifting under § 13-1805(A)(1) is a lesser included offense of organized retail theft under § 13-1819(A)(2)).  Because Wilkins did not request a lesser included instruction at trial, he has waived the issue absent fundamental error. *See State v. Tschilar*, 200 Ariz. 427, 437, ¶ 39 (App. 2001).

**¶22**    "In general the trial judge should withhold charging on lesser included offense[s] unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics."  *State v. Gipson*, 229 Ariz. 484, 487, ¶ 15 (2012) (citations and internal quotation marks omitted).  *See also State v. Vanderlinden*, 111 Ariz. 378, 379-80 (1975) (declining to extend requirement that the superior court *sua sponte* instruct on a lesser included offense to cases involving crimes other than homicide).  Wilkins has shown no error, fundamental or otherwise.  And even if the superior court erred by failing to *sua sponte* give a shoplifting instruction, which was inconsistent with Wilkins' defense that he was merely present and did not commit a crime, Wilkins has not established fundamental, prejudicial error. *See Escalante*, 245 Ariz. at 142, ¶ 21; *State v. Whittle*, 156 Ariz. 405, 407 (1988) (failure to give unrequested instructions on other possible lesser included offenses was not an interference with the defendant's theory of the case or a denial of any right essential to his defense).

## CONCLUSION

**¶23**    For the foregoing reasons, we affirm Wilkins' conviction and sentence.

