NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA,
*Appellee*,

*v.*

BRUCE DALE MOORE,
*Appellant*.

No. 1 CA-CR 21-0250
FILED 3-24-2022

---

Appeal from the Superior Court in Yavapai County
No.  P1300CR202000540
The Honorable John David Napper, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Nicole Countryman, Phoenix
*Counsel for Appellant*

———————————————

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

———————————————

**T H U M M A**, Judge:

¶1          Bruce Dale Moore, Jr. appeals his conviction and sentences, asserting the superior court erred by (1) granting a partial acquittal on his felony criminal damage count but finding him guilty of misdemeanor criminal damage; and (2) failing to give him an opportunity to address the court before imposing sentence on his various convictions. Because Moore has shown no reversible error, his conviction and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          In March 2021, Moore and his co-defendant were tried on eight felony counts alleged to have been committed in May 2020 in Yavapai County: attempt to commit first degree murder, three counts of aggravated assault, two counts of disorderly conduct, discharge of a firearm at a structure and criminal damage (alleging damage of $1,000 or more but less than $2,000).

¶3          After the State rested in its case in chief, Moore moved for a judgment of acquittal on all counts. *See* Ariz. R. Crim. P. 20 (2022).[2] The court entered a judgment of acquittal on the discharge of a firearm at a structure count. The court then found the evidence on the criminal damage count was insufficient for a felony (which requires at least $1,000 in damage), but sufficient for a misdemeanor. *See* Ariz. Rev. Stat. (A.R.S.) § 13-1602(B)(5)-(6).

———————————————

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008). Moore also was charged with misconduct involving weapons, but that count was severed before trial and is not at issue here.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶4**		When the State noted that testimony was presented that the damage was more than $1,000, the court stated it was "uncomfortable with that. There was no objection to the hearsay, but we don't have the name of the person who gave him the value, we don't know how that person even was able to figure out what the value was. I'm just not sure there's substantial evidence as to" the criminal damage count charged. Accordingly, the court granted the motion for acquittal for criminal damage "as to it being a class 6 felony. It can go forward as a Misdemeanor, and if you want, I can decide that." The jury later found Moore guilty of the remaining charges, with the court finding him guilty of misdemeanor criminal damage.

**¶5**		At sentencing, the court noted, and counsel agreed, that the criminal damage conviction was a class 1 misdemeanor. After hearing arguments from counsel, the court sentenced Moore on the various convictions. The court did so, however, without affording Moore the right to address the court. Just after announcing the sentences, the court realized the oversight and asked Moore if he wanted to address the court, stating, "I didn't give the defendants a chance to address the court. Do they have anything they want to say?" Moore then briefly addressed the court.

**¶6**		Given his prior criminal history, Moore was sentenced to a variety of concurrent and consecutive prison terms on the felony convictions, the longest of which was for 20 years, with appropriate presentence incarceration credit. For the criminal damage misdemeanor, he was sentenced to 180 days in jail, with 180 days credit for time served.

**¶7**		This court has jurisdiction over Moore's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

**I.	Moore Has Not Shown the Superior Court Erred in Finding Him Guilty of a Class 1 Misdemeanor.**

**¶8**		Moore first argues that the court lacked the authority to designate the criminal damage charge and conviction a class 1 misdemeanor. Moore argues that, instead, the court should have dismissed the charge with prejudice after finding there was insufficient evidence for it to proceed as a class 6 felony. Moore cites *State v. Frey*, 141 Ariz. 321 (1984) and A.R.S. § 13-604, contending that the court may only designate the offense as a misdemeanor after there has been an adjudication for an undesignated class 6 felony.

¶9    Moore is correct that he was not convicted of an undesignated class 6 felony offense, meaning A.R.S. § 13-604 does not apply. For that same reason, however, this case is also distinguishable from *Frey*. That case addressed "whether a trial judge can deny a defendant a jury trial, when the defendant has been charged with a class 6 felony, by stating an intention, before trial, to designate the offense a misdemeanor if the defendant is convicted at trial." 141 Ariz. at 322. Here, the court found, after the close of the State's case, that the evidence was insufficient to support a felony criminal damage claim (concluding the State had not proven the required amount of damage by substantial evidence), but that the evidence was sufficient to support a misdemeanor criminal damage claim (given that a lesser amount of damage had been proven). Thus, the predicate in *Frey* – a conviction of a class 6 felony criminal damage charge – is not present here.

¶10    Moore does not argue that he had a right to a jury trial for the misdemeanor criminal damage charge. *See Derendal v. Griffith*, 209 Ariz. 416, 422 ¶ 21 (2005). Nor has Moore shown that the evidence was inadequate to support the court's finding that he was guilty of class 1 misdemeanor criminal damage. A.R.S. § 13-1602(B)(5) ("Criminal damage is a class 1 misdemeanor if the person recklessly damages property of another in an amount of more than two hundred fifty dollars but less than one thousand dollars."). For these reasons, Moore's conviction of class 1 misdemeanor criminal damage is affirmed.

**II.    The Oversight in Not Allowing Moore to Address the Court Before Sentencing Does Not Require Resentencing.**

¶11    Moore argues he was denied his right to address the court before his sentences were imposed. Moore is correct in noting the court failed to allow him to address the court before announcing his sentences. The court, however, recognized the oversight and then immediately allowed Moore to address the court before the hearing ended. Because Moore did not object, this court reviews for fundamental error.

¶12    Moore does not argue, let alone show, that the oversight was fundamental error resulting in prejudice. *State v. Escalante*, 245 Ariz. 135, 140 (2018). "When the court pronounces a sentence, it must give the defendant an opportunity to address the court." Ariz. R. Crim. P. 26.10(b)(1). A court's failure to allow a defendant to address the court before pronouncing the sentence does not require resentencing "unless the defendant can show that he would have added something to the mitigating evidence already presented." *State v. Hinchey*, 181 Ariz. 307, 313 (1995). In *Hinchey*, the defendant "failed to remind the judge . . . He did not ask to

speak. He let the sentencing go on. He fails to argue what he would have offered in mitigation that had not already been presented during [the trial]." *Id.* On that record, *Hinchey* concluded that "the error [was] technical, without any substantive consequence." *Id.*

¶13　　　　Here, Moore argues that, had he been allowed to address the court before sentencing, he would have expressed his remorse for his actions and pled "his own case for leniency." Moore's counsel filed a sentencing memorandum, highlighting his age and poor health and requesting mitigated, concurrent sentences. The sentencing memorandum also highlighted Moore's remorse, including a statement that "Moore told the detective he let the whole situation get to him, that he regrets bringing the gun to the situation, and he regrets what happened. With time, Mr. Moore has experienced more remorse, the more time he has had to think about it." While Moore should have received an opportunity to address the court before the court announced the sentences, the court promptly recognized the error and gave Moore an opportunity to address the court, to which he responded and asked about the time of the sentence. Moore has failed to show fundamental error resulting in prejudice.

## CONCLUSION

¶14　　　　Moore's conviction and sentences are affirmed.

