NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JASON ALLAN ZANES, *Appellant.*

No. 1 CA-CR 21-0284
FILED 3-29-2022

---

Appeal from the Superior Court in Maricopa County
No. CR 2020-106421-001
The Honorable Glenn A. Allen, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Alexander M. Taber
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        Jason Zanes appeals his conviction for theft. He argues that the Information was duplicitous, serving to deny him the right to a unanimous jury determination. Finding no error in the State's charging document, we affirm.

## BACKGROUND

¶2        Zanes was the assistant manager at Rinse and Ride carwash. He typically worked the closing shift and was responsible for counting money at the end of each day, preparing a deposit slip in duplicate, and securing the bundle in the office safe. Every couple of days, an employee from Rinse and Ride would take the bundles from the safe and deposit them at the bank in a drop box. The next day, an employee would collect a receipt from the bank and verify the amount credited matched the amounts reflected on the deposit slips.

¶3        In November 2019, Zanes's manager noticed there were missing deposit receipts from the bank for seven days when Zanes had been working the closing shift. Upon making this discovery, the manager reported the theft to the police, estimating that $3,263 was missing based on the copies of deposit slips. Zanes did not return to work for his scheduled shifts or pick up his paycheck. After conducting a more thorough accounting, the manager contacted the police a second time to report that a total of $4,033 was missing.

¶4        The State charged Zanes with one count of theft, a class four felony, in the amount of $3,000 or more but less than $4,000. Before trial, the State amended the Information to state that the alleged conduct occurred "on or between November 13, 2019 and November 19, 2019."

¶5        At trial, the State introduced the deposit slips from seven different days, as well as surveillance footage for three of the days in question. The manager testified that surveillance footage for the other days was not available because the system only stores five-to-seven days' worth

of footage. The surveillance footage presented showed Zanes counting money and completing the deposit slips. But, instead of placing the bundle in the safe, Zanes placed it in a deposit bag and carried the bag out of the office when he left.

**¶6**          At the conclusion of the trial, the jury returned a guilty verdict finding Zanes committed a theft and found the total loss amount to be $4,033.[1] The court sentenced Zanes to three years of supervised probation and ordered him to pay restitution to Rinse and Ride. Zanes timely appealed.

## DISCUSSION

**¶7**          Zanes argues the Information was "duplicitous" and deprived him of his right to a unanimous jury verdict. He did not object to the contents of the Information at trial, thus we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018). To prevail, Zanes must show that "the error goes to the foundation of [his] case, takes away a right essential to the defense, or is of such magnitude that it denied [him] a fair trial." *Id*. We will then only reverse his conviction if he also establishes prejudice. *Id*.

**¶8**          Zanes argues that the Information was duplicitous because it charged one criminal act but alleged several acts to prove the charged offense. He relies on *State v. Paredes-Solano*, for the proposition that the Information violated his right to a unanimous verdict because the jury could convict Zanes of theft without unanimously agreeing about which of the alleged act or acts gave rise to the single charged offense. 223 Ariz. 284, 287, ¶ 6 (App. 2009).

**¶9**          The Information before us is not duplicitous. A duplicitous information is one that "charges two or more distinct and separate offenses in a single count." *Id*. ¶ 4 (quotations omitted). A duplicitous *charge* exists when the information refers "only to one criminal act but multiple criminal acts are introduced to prove the charge." *Id*. (quotations omitted). Zanes has not alleged that the Information charged two or more distinct and separate offenses in one count. Zanes instead argues that the Information lacked specificity about the alleged events underlying the charge of theft and that

---

[1]          Although the jury found that the amount of theft was $4,033, the State stipulated that Zanes would be sentenced within the class 4 felony range requiring proof of theft in an amount between $3,000 to $4,000. *See* A.R.S. § 13-1802(G).

the seven acts offered to prove the one charge should each be considered separately as distinct acts, each constituting a theft.

¶10         The State may charge several criminal acts as one count "even if those acts might otherwise provide a basis for charging multiple criminal violations." *State v. Klokic*, 219 Ariz. 241, 244, ¶ 14 (App. 2008)*; see also State v. Via*, 146 Ariz. 108, 116 (1985) (holding that "where numerous transactions are merely parts of a larger scheme, a single count encompassing the entire scheme is proper."). However, a defendant's right to a unanimous jury verdict may be violated when the State introduces evidence of multiple criminal acts to prove one count. *Klokic*, 219 Ariz. at 248, ¶ 32. The jury may unanimously agree that the defendant is guilty of the charged offense without unanimously agreeing about which of the charged acts the defendant committed. *Id*.

¶11         "[I]f the State introduces evidence of multiple criminal acts to prove a single charge, the trial court is normally obliged to take one or two remedial measures to insure the defendant receives a unanimous jury verdict." *Id*. at 244, ¶ 14. The court may either (1) "require the state to elect the act which it alleges constitutes the crime," or (2) "instruct the jury that they must agree unanimously on a specific act that constitutes the crime." *Id*. (quotations omitted). These remedial measures are not necessary, however, when the State introduces evidence of multiple criminal acts that "are part of a single criminal transaction." *Id*. ¶ 15. The court may determine that multiple criminal acts constitute a single criminal transaction when the defendant offers the same defense for each act and "there is no reasonable basis for the jury to distinguish between them." *Id*. at 245, ¶ 18.

¶12         Here, the State's evidence of multiple criminal acts constitutes an ongoing course of conduct culminating in a single criminal transaction. The State introduced seven days' worth of deposit slips as well as security footage of the office and safe. Zanes presented the same defense for each of the dates in question. He has not shown that the different transactions "gave rise to different defenses or otherwise assert[ed] a reasonable basis to distinguish between the acts." *Klokic*, 219 Ariz. at 248, ¶ 33. The jury found Zanes guilty of theft and found the total loss to be $4,033, the total amount reported as missing over the seven-day period. The record before us does not reveal any violation of Zanes's right to a unanimous jury verdict.

¶13         Even if, for the sake of argument, the charged offense was duplicitous, Zanes failed to show he suffered prejudice, as required to warrant a dismissal. *See State v. Schroeder*, 167 Ariz. 47, 52 (App. 1990); *see also Escalante*, 245 Ariz. at 138, ¶ 1. "To constitute reversible error, the

defendant must have been prejudiced by [a duplicitous indictment] when considered in conjunction with all the evidence in the case." *State v. Kelly*, 149 Ariz. 115, 117 (App. 1986). Zanes contends that if he can show that the jury may have reached a nonunanimous verdict, he has established prejudice. We disagree. As explained above, the jury found that Zanes committed a theft in the amount of $4,033, the total amount missing over the seven-day period.

¶14        Zanes also argues prejudice because the State could have charged him separately for each date, and therefore he would only be convicted of misdemeanor offenses instead of a felony offense. He contends that the "consequences" of a misdemeanor conviction are less severe than those of a felony conviction. This argument overlooks that the State has broad discretion over charging decisions. *State v. Frey*, 141 Ariz. 321, 324 (App. 1984). Here, the State could have charged Zanes separately for each date and could also have added an additional charge under A.R.S. § 13-2310, for example, alleging a fraudulent scheme, a class 2 felony. *See State v. Griffin*, 250 Ariz. 651, 656, ¶ 17 ("To support a conviction for fraudulent scheme and artifice, the state must prove that (1) pursuant to a scheme or artifice to defraud, (2) [defendant] knowingly obtained any benefit, (3) by means of false or fraudulent pretenses, representations, promises, or material omissions."). Zanes's argument is speculative, and he fails to take into account his heightened exposure had the State made a different charging decision. Hence, Zanes fails to establish prejudice as required. *See State v. Munninger*, 213 Ariz. 393, 397, ¶ 14 (App. 2006) (finding defendant's speculation about the possibility of a different sentence to be insufficient to establish prejudice).

¶15        Zanes also appears to challenge the sufficiency of the evidence. He argues that while the State introduced deposit slips for seven dates, it only provided surveillance footage for three days. He also takes issue with one deposit slip that did not have his initials on it and the lack of surveillance footage for the date of that deposit. And he disputes that there was a lack of evidence from the bank where the deposits were made. But Zanes had an opportunity to cross-examine the manager about the deposit slips and the lack of surveillance footage. The State offered testimony from the manager that surveillance footage for some of the dates in question was unavailable because the system holds a limited amount of footage. This court does not reweigh the evidence "already considered by the jury" and resolves any conflicts in the evidence "in favor of sustaining the verdict." *State v. Fuentes*, 247 Ariz. 516, 526, ¶ 38 (App. 2019) (quotations and citations omitted).

**CONCLUSION**

¶16      We affirm Zanes's conviction and sentence.

